AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of California



**FILED**
5/26/2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    vyc    DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  23MJ8369
)
Gray Samsung Phone )
Model: Unknown )
IMEI: Unknown )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A-1, incorporated herein by reference.

located in the     Southern     District of     California    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:
See Attached Affidavit of Border Patrol Agent Cristina Fuentes incorporated herein by reference.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Border Patrol Agent Cristina Fuentes
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
    telephone    *(specify reliable electronic means).*

Date:   05/26/2023

*Judge's signature*

City and state:  El Centro, California          HON. LUPE RODRIGUEZ JR., US MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**     Gray Samsung Phone
Model: Unknown
IMEI: Unknown
Seized from Jose CARRAZCO
**(Target Device #1)**



The **Target Device** is currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

### ITEMS TO BE SEIZED

Authorization to search the mobile telephone described in Attachments A-1, A-2, A-3 and A-4 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of February 24, 2023, up to and including March 24, 2023, and is limited to the following:

   a. tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   b. tending to identify other facilities, storage devices, or services – such as email addresses, IP addresses, and/or phone numbers – that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   c. tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   d. tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

   e. tending to identify the user of, or persons with control over or access to, the Target Devices;

   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

# AFFIDAVIT

I, Cristina Fuentes, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:** Gray Samsung Phone
Model: Unknown
IMEI: Unknown
Seized from Jose CARRAZCO
**(Target Device #1)**

**A-2:** Black Schok Phone
Model: Unknown
IMEI: Unknown
Seized from Rebecca RUIZ-Tafoya
**(Target Device #2)**

**A-3:** Gray iPhone
Model: Unknown
IMEI: Unknown
Seized from Rebecca RUIZ-Tafoya
**(Target Device #3)**

**A-4:** Green Addo Phone
Model: Unknown
IMEI: Unknown
Seized from Jose Rosario CERVANTES-Mendez
**(Target Device #4) (collectively "Target Devices")**

as further described in Attachments A-1, A-2, A-2, and A-4, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2. The requested warrant relates to the investigation and prosecution of Jose CARRAZCO (CARRAZCO) and Rebecca RUIZ-Tafoya (RUIZ), for illegally transporting alien Jose Rosario CERVANTES-Mendez (the "Material Witness") in violation of Title 8

U.S.C. § 1324 within the Southern District of California.[1] The Target Devices were seized from CARRAZCO, RUIZ, and CERVANTES on or about March 23, 2023, incident to their arrest. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents. Dates and times are approximate.

## EXPERIENCE AND TRAINING

4. I am a United States Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since May 2019, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The 24-week Academy curriculum covers specialized training in the Immigration and Naturalization Act, criminal law, and statutory authority, as well as cross-training in Title 21, United States Code, Controlled Substances law, and in Title 19, United States Code, Customs law.

5. I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of

---

[1] This Court previously granted Search Warrants for the Target Devices on April 13, 2023. The time limit for execution of the Search Warrants expired on April 27, 2023 and the searches were not completed within that time frame due to a clerical error in processing. Therefore, this Affiant is now requesting Search Warrants based on identical probable cause in order to execute the search of the Target Devices.

2

undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6. Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, in particular those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California. I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities. Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7. The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens. For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors. Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to

make smuggling arrangements, receive instructions, and report their locations after crossing.

8. Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data.  In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

a. tending to indicate efforts to smuggle aliens from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers– used to facilitate alien smuggling and transportation of smuggled aliens;

c. tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d. tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.  tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

10. On March 23, 2023, Border Patrol Agents assigned to the El Centro Sector Intelligence Unit Field Intelligence Team (FIT) were conducting anti-smuggling and intelligence gathering duties within the El Centro Border Patrol Sector's area of responsibility. While performing surveillance on a target vehicle, Calexico Border Patrol Remote Video Surveillance Systems (RVSS) Camera Operators observed two suspected illegal aliens enter the United States from Mexico south of Interstate 8 near a landmark known to Border Patrol Agents as "Kenny's." Agent Clinton observed a blue Kia sedan driving south on the overpass at Gordon's Well towards the onramp for the eastbound lanes of Interstate 8. By this time, the RVSS Camera Operators relayed that the suspected aliens were waiting on the side of Interstate 8. The Kia merged onto Interstate 8 behind Agent Clinton.

11. The Ford passed the waiting suspected aliens and continued driving eastbound. RVSS Camera Operators then relayed that the Kia had stopped and picked up the suspected aliens. Agent Clinton slowed down and let the Kia pass him. Agent Clinton broadcasted the California license plates and waited for a marked vehicle to catch up in order to conduct a vehicle stop. Further east, FIT and Calexico Agents positioned themselves at the A-7 Bridge over the All-American Canal. The Agents prepared to deploy Vehicle Immobilization Devices (VID/Spikes) should the vehicle flee. Agent Clinton activated the emergency lights and sirens of his Border Patrol Vehicle and the Kia accelerated. Agent Clinton broadcasted that there was a failure to yield. At this point, Agent Justin Bourque was rapidly approaching from the rear in a marked service vehicle. As the vehicle approached the A-7 Bridge, Agents L. Heipt and

M. Toler deployed spikes, successfully disabling the front tires of the Kia. Agent Bourque then assumed the primary chase position and engaged in pursuit of the vehicle. The Kia continued driving east at high speeds until the tires began to disintegrate. Once the vehicle was on rims, the driver pulled to the shoulder and stopped near the Ogilby Exit. The driver, later identified as CARRAZCO, and front passenger, later identified as RUIZ, were removed from the vehicle. CARRAZCO and RUIZ were interviewed and determined to be citizens of the United States. The rear seat passenger, later identified as Jose Rosario CERVANTES-Mendez, was removed from the vehicle and was determined to be a citizen of Mexico, unlawfully present in the United States. CARRAZCO, RUIZ and CERVANTES were placed under arrest.

12. CARRAZCO was advised of his Miranda rights in the English language. CARRAZCO stated he understood his rights and was willing to provide a statement without the presence of an attorney. During the interview, CARRAZCO stated he is a United States Citizen and resides in Arizona. CARRAZCO stated that on today's date, he and RUIZ were traveling in a rental car to look at some trailers near Exit 151 (Gordons Well). CARRAZCO stated that they were traveling east on I-8 and suddenly a person asked him for help, and he decided to give him a ride. CARRAZCO stated that he saw a person running and it went through his mind that this person was in trouble and decided to help. CARRAZCO was asked why he did not yield the Border Patrol lights and sirens. CARRAZCO stated that he believed he had an active warrant, so he decided to run and punched the gas. CARRAZCO stated that he did not know the individual he picked up was illegal. CARRAZCO stated he is telling the truth. CARRAZCO stated that RUIZ had nothing to do with it.

13. RUIZ was advised of her Miranda rights in the English language. RUIZ stated she understood her rights and was willing to provide a statement without the presence of an attorney. During the interview, RUIZ stated she is a United States Citizen and resides in Arizona. RUIZ stated that today she picked up her friend and does not know his actual name. RUIZ stated that her friend offered to drive. RUIZ stated that she

only met a man that offered her a job over the phone to pick up people for money. RUIZ stated that a friend helped her make arrangements and she was told that a person was going to be waiting for her and she was supposed to stop and honk. RUIZ stated she assumed the person she was picking up was an illegal alien since she was picking him up for money on the side of the road and near the border. RUIZ stated that she was offered $2000 USD and she agreed. RUIZ stated that her friend knew that she was picking up people for money.

14. Material Witness CERVANTES stated he is a citizen of Mexico and does not possess any immigration documents that would allow him to work or reside in the United States legally. CERVANTES stated an acquaintance made arrangements for him to be smuggled into the United States for $6,000.00. CERVANTES stated he was traveling to Los Angeles, California to work. CERVANTES was shown photo lineups 378 A & B and was asked if he could identify anyone. CERVANTES was able to identify Photo #5 from photo lineup 378A as the passenger in the blue sedan. Photo #5 depicts a photo of Rebecca RUIZ-Tafoya. CERVANTES was able to identify Photo #2 from photo lineup 378B as the driver of the blue sedan. Photo #2 depicts a photo of Jose Ramon CARRAZCO.

15. During a search incident to arrent of CARRAZCO, Agent Clinton located a Gray Samsung cell phone (Target Device #1) on CARRAZCO's person and CARRAZCO claimed ownership of it. Agent Clinton also located two cell phones in the vehicle: one was a Black Schok phone (Target Device #2) and the other phone was a Gray iPhone (Target Device #3). RUIZ claimed ownership of both cell phones. During a search incident to arrent of CERVANTES, Agent Clinton located a Green Addo cell phone (Target Device #4) on CERVANTES' person and CERVANTES claimed ownership of it.

16. I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement. In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event. Additionally, co-

conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts. Given this, I respectfully request permission to search the Target Devices for data beginning on February 24, 2023, up to and including March 24, 2023, the day after the arrests of CARRAZCO, RUIZ and CERVANTES.

## METHODOLOGY

17. It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books, and can be minicomputers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

18. Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Device and subject them to analysis. All forensic

8

analysis of the data contained within the telephone, and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

19. Based on the foregoing, identifying, and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

## CONCLUSION

20. Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that CARRAZCO and RUIZ and the Material Witness used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by CARRAZCO and RUIZ, the Material Witness, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Cristina Fuentes, Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P.4.1 by telephone on this 26th day of May, 2023.

_____ 8:36 a.m.
HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**     Gray Samsung Phone
Model: Unknown
IMEI: Unknown
Seized from Jose CARRAZCO
**(Target Device #1)**



The **Target Device** is currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-2
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**    Black Schok Phone
Model: Unknown
IMEI: Unknown
Seized from Rebecca RUIZ-Tafoya
**(Target Device #2)**



The **Target Device** is currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-3
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**          Gray iPhone
                 Model: Unknown
                 IMEI: Unknown
                 Seized from Rebecca RUIZ-Tafoya
                 **(Target Device #3)**



The **Target Device** is currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4:**     Green Addo Phone
Model: Unknown
IMEI: Unknown
Seized from Jose Rosario CERVANTES-Mendez
**(Target Device #4)**



The **Target Device** is currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the mobile telephone described in Attachments A-1, A-2, A-3 and A-4 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of February 24, 2023, up to and including March 24, 2023, and is limited to the following:

   a.   tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   b.   tending to identify other facilities, storage devices, or services – such as email addresses, IP addresses, and/or phone numbers – that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   c.   tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

   d.   tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

   e.   tending to identify the user of, or persons with control over or access to, the Target Devices;

   f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.